# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:23-CV-087-RJC-DCK

| | |
|---|---|
| TONY PATTON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| RILEY ANDERSON, JUSTIN KIRKLAND, and RICK GREEN, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Motion For Extension Of Time" (Document No. 7) filed May 22, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

It appears that *pro se* Plaintiff seeks an extension of time to respond to "Defendant Justin Kirkman's Motion To Dismiss" (Document No. 6). Moreover, *pro se* Plaintiff has also filed an "Amended Complaint" (Document No. 8).

The undersigned notes that Defendant Kirkland was granted an extension of time to respond to the Complaint, and that the Court neglected to issue a "Roseboro Notice," as is typically done after a motion is filed to dismiss a *pro se* Plaintiff's Complaint. See (Document Nos. 3 and 5); see also Roseboro v. Garrison 528 F.2d 309 (4th Cir. 1975). Under these circumstances the undersigned will accept *pro se* Plaintiff's "Amended Complaint" as timely-filed pursuant to Fed.R.Civ.P. 15.

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one

to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

The undersigned further notes that it is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendants contend the Amended Complaint is deficient, this Order is without prejudice to Defendants filing a motion to dismiss the Amended Complaint.

**IT IS, THEREFORE, ORDERED** that *pro se* Plaintiff's "Motion For Extension Of Time" (Document No. 7) is **GRANTED**. *Pro se* Plaintiff's "Amended Complaint" (Document No. 8) is accepted as timely-filed.

2

**IT IS FURTHER ORDERED** that "Defendant Justin Kirkman's Motion To Dismiss" (Document No. 6) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: May 22, 2023

David C. Keesler
United States Magistrate Judge