IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-087-RJC-DCK

| TONY PATTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| XPO LOGISTIC, RILEY ANDERSON, | ) | |
| RICK GREENE, and JUSTIN KIRKLAND, | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Justin Kirkman's Motion To Dismiss" (Document No. 11) and "Defendants XPO, Inc., Riley Anderson, And Rick Greene's Motion To Dismiss" (Document No. 19). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motions be granted.

## I. BACKGROUND

Tony Patton ("Plaintiff" or "Patton"), appearing without counsel, initiated this action with the filing of a form "Complaint For Employment Discrimination" (Document No. 1) (the "original Complaint") on February 15, 2023. In the original Complaint, Plaintiff Patton alleges employment discrimination based on improper termination and race. (Document No. 1, p. 4). There are minimal facts alleged in the original Complaint, and they are difficult to read. (Document No. 1). The Complaint does state "I was fired," and then seems to suggest that there was an accident, and a video, and that a safety coordinator who may have failed to properly review the situation. (Document No. 1, p. 5).

The original Complaint indicates that a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC"); however, despite the form's instruction to attach such Notice, Plaintiff failed to attach a Notice of Right to Sue, or to state the date it was received. Id. Plaintiff seeks "millions of dollars" for alleged racial discrimination against Plaintiff and/or co-workers. Id.

Defendant Justin Kirkman filed a "…Motion To Dismiss" (Document No. 6) pursuant to Fed.R.Civ.P. 12(b)(1) and (6) on April 13, 2023. Defendant notes that his name is properly spelled as "Kirkman" – not "Kirkland". (Document No. 6, p. 1. n. 1). Defendant Kirkman's motion *did* attach Plaintiff's underlying "Charge Of Discrimination" and "Dismissal And Notice Of Rights." See (Document Nos. 6-1 and 6-2). Defendant Kirkman argued in the motion to dismiss, among other things, that: Plaintiff's Charge of Discrimination was untimely; Plaintiff failed to exhaust his administrative remedies; and Plaintiff failed to file the Complaint in this action within 90 days of receipt of the Notice of Right to Sue. (Document No. 6).

On May 22, 2023, Plaintiff filed a form "Complaint For A Civil Case" (Document No. 8) that is construed by the Court as Plaintiff's "Amended Complaint." The Amended Complaint alleges that there is federal court jurisdiction based on diversity of citizenship. (Document No. 8, p. 3). The Amended Complaint indicates that Plaintiff is a citizen of North Carolina, but does not specifically allege the citizenship of any Defendant; the Amended Complaint does provide Defendants' addresses – all in Charlotte, North Carolina. (Document No. 8, pp. 2-4).

The limited factual allegations in the Amended Complaint are very similar to those in the original Complaint and essentially assert that Plaintiff "was fired" and suggest that a safety coordinator failed to properly review a video related to an accident. (Document No. 8, pp. 4-5). The Amended Complaint seems to further suggest that Defendant XPO treats black and brown

2

employees differently than white employees regarding accidents.  Id.  However, the Amended Complaint does not directly assert a claim for employment discrimination or reference any action before the EEOC.

On May 23, 2023, the undersigned issued an Order accepting the Amended Complaint as timely filed pursuant to Fed.R.Civ.P. 15 and noting that the amended pleading supersedes the original pleading.  (Document No. 10).  The undersigned also denied "Defendant Justin Kirkman's Motion To Dismiss" (Document No. 6) as moot.

"Defendant Justin Kirkman's Motion To Dismiss" (Document No. 11) was filed on June 5, 2023.  The Court promptly issued a Roseboro "Order" (Document No. 12) on June 6, 2023.  On June 7, 2023, Plaintiff filed a one-page document captioned as "Motion to extend my lawsuit against XPO and the management team." (Document No. 14).  The Court construed Document No. 14 as a motion for extension of time and granted an extension.  (Document No. 15).  However, the undersigned also noted that it was unclear what relief Plaintiff sought and advised Plaintiff that filings must comply with the Local Rules of this Court and that "[a]ny response to Defendant's motion to dismiss should address Defendant's arguments pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) and show cause why this action should not be dismissed." Id.  Plaintiff did not file a response to "Defendant Justin Kirkman's Motion To Dismiss" (Document No. 11) as directed by the Court.

"Defendants XPO, Inc., Riley Anderson, And Rick Greene's Motion To Dismiss" (Document No. 19) was filed on June 21, 2023.  The Court again promptly issued a Roseboro "Order" (Document No. 21).  On June 28, 2023, Plaintiff again filed a document captioned "Motion to extend my lawsuit against XPO and the management team." (Document No. 22).  This time, the Court construed the filing as a response to the pending "…Motion To Dismiss"

(Document No. 19); however, this "response" fails to address any of Defendants' arguments for dismissal. "Defendants XPO, Inc., Riley Anderson, And Rick Greene's Reply Memorandum In Support Of Their Motion To Dismiss" (Document No. 27) was filed on July 14, 2023.

The pending motions have been fully briefed and are ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

> A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Griffin v. Maximus Inc., 3:22-CV-477-RJC-DCK, 641 F.Supp.3d 251, 254 (W.D.N.C. 2022), aff'd, No. 22-2259, 2023 WL 3119813 (4th Cir. Apr. 27, 2023).

## III.  DISCUSSION

The undersigned has viewed the Complaints (Document Nos. 1 and 8) in the most favorable light to Plaintiff but finds them deficient in multiple ways.  Moreover, *pro se* Plaintiff appears to be unwilling or unable to abide by the requirements of the Federal Rules of Civil Procedure, the Local Rules of this Court, or the directions of this Court regarding a sufficient Complaint and/or an appropriate response to motions to dismiss.  The undersigned will briefly summarize Defendants' arguments and then respectfully recommend that the motions to dismiss be granted.

Defendant Kirkman argues that this matter should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). (Document No. 11).  First, Kirkman notes that although Plaintiff has alleged subject matter jurisdiction based on diversity, the parties are *not* diverse, and Plaintiff has not shown an amount in controversy exceeding $75,000. (Document No. 11, p. 11; Document No. 11-1, pp. 2-5).

Defendant Kirkman goes on to assert that he is now, and at all times relevant to the allegations in the Complaints has been, a resident of North Carolina. (Document No. 11-1, p. 4). Since Plaintiff is also a citizen of North Carolina, there is not complete diversity between the parties.  Id.  Without diversity and an allegation of $75,000 or more in controversy, Defendant correctly notes that "this Court lacks subject matter jurisdiction over this action." (Document No. 11-1, p. 5).

In addition, Defendant Kirkman notes that the Amended Complaint does not raise a federal question.  Id.  The amended, and now operative, Complaint in this action "does not reference any federal law or statute," and "Patton expressly removed any potential federal question from his claim."  Id.

Next, Defendant Kirkman argues that Plaintiff fails "to state a claim upon which relief may be granted." Id. (citing Fed.R.Civ.P. 12(b)(6)). "He does not allege enough facts to state any type of claim to relief and does not plead enough factual content to put XPO on notice of his claims." (Document No. 11-1, p. 6) (citing Ashcroft, 556 U.S. at 678).

"Defendants XPO, Inc., Riley Anderson, And Rick Greene's Motion To Dismiss" (Document No. 19) seeks dismissal based on Fed.R.Civ.P. 12(b)(1), (2), (4), (5), and (6). "Defendants XPO, Inc., Riley Anderson, And Rick Greene's Motion To Dismiss" asserts identical arguments to those of Defendant Kirkman regarding Fed.R.Civ.P. 12(b)(1) and 12(b)(6). See (Document No. 19-1, pp. 10-14). The undersigned finds these arguments more than sufficient to support the dismissal of the claims against all Defendants in this action.

As noted above, Plaintiff has filed two documents since the pending motions to dismiss were filed. See (Document Nos. 14 and 22). Even liberally construing these filings as "responses," they fail to address any of Defendants' legal arguments for dismissal, and do not otherwise indicate that this Court has subject matter jurisdiction over this action. Id. At most, Plaintiff seems to suggest that he was involved in an accident and was subsequently fired after Defendants allegedly failed to follow proper protocols. Id. Plaintiff concludes that some or all Defendants have treated black drivers differently than white drivers. Id.

Defendant Kirkman did not file a reply brief, or notice of intent not to reply. See Local Rule 7.1(e).

"Defendants XPO, Inc., Riley Anderson, And Rick Greene's Reply Memorandum…" (Document No. 27) essentially re-asserts the previous arguments for dismissal and further argues that Plaintiff's filings do not comply with the Local Rules. (Document No. 27).

The undersigned finds Defendants' arguments persuasive, and again notes that Plaintiff has failed to file any meaningful rebuttal. As noted above, the Court must liberally construe *pro se* pleadings; however, it is not appropriate for a "district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law." See Griffin, 641 F.Supp.3d at 254. In short, the undersigned finds that Plaintiff's "Amended Complaint" (Document No. 8) should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and/or 12(b)(6). The undersigned expresses no opinion as to whether *pro se* Plaintiff should be allowed any additional opportunity to amend, but notes that to date, Plaintiff seems to be unable to assert sufficient factual allegations to support a claim upon which relief may be granted or to support this Court's jurisdiction.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Justin Kirkman's Motion To Dismiss" (Document No. 11) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Defendants XPO, Inc., Riley Anderson, And Rick Greene's Motion To Dismiss" (Document No. 19) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v.

Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: January 26, 2024

David C. Keesler
United States Magistrate Judge