UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00087-RJC-DCK

| | |
|---|---|
| TONY PATTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| XPO LOGISTIC, RILEY ANDERSON, ) | |
| RICK GREEN, and JUSTIN ) | |
| KIRKLAND ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Justin Kirkland's Motion to Dismiss, (Doc. No. 11); Defendants Riley Anderson, Rick Greene, and XPO Logistic's Motion to Dismiss, (Doc. No. 19); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 28), recommending that this Court grant Defendants' motions; Plaintiff's Objection to the M&R, (Doc. No. 29); and Defendants' Reply to Plaintiff's Objection, (Doc. No. 30).

### I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

### II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations."

1

28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Having conducted a full review of the M&R, Plaintiff's Objection to the M&R, and other documents of record, the Court finds that Plaintiff has failed to submit a specific written objection directing the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. That Plaintiff disagrees with the M&R's result is insufficient. Nevertheless, having conducted a full review of the record, the Court hereby finds that the recommendation

of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 28), is **ADOPTED**;

2. Defendant Justin Kirkland's Motion to Dismiss, (Doc. No. 11), is **GRANTED**;

3. Defendants Riley Anderson, Rick Greene, and XPO Logistic's Motion to Dismiss, (Doc. No. 19), is **GRANTED**;

4. The Amended Complaint, (Doc. No. 8), is **DISMISSED WITHOUT PREJUDICE**;

5. The Clerk is directed to close this case.

Signed: July 1, 2024

Robert J. Conrad, Jr.
United States District Judge